UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER BEY #236321,

                Plaintiff,           Case No. 2:07-cv-60

v.                         Honorable Robert Holmes Bell

T. LUOMA, et al.,

                Defendants.

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

      The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on August 29, 2008, which recommended granting the motions for summary judgment filed by Defendants Horton, Albright, Armstrong, Rourk, and McDonald (docket #45 and #49). The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

      In his objections, Plaintiff claims that the Magistrate Judge erred in finding that his confinement in administrative segregation did not violate his constitutional rights. In the report and recommendation, the Magistrate Judge noted that at the time Plaintiff filed his complaint, he had been in administrative segregation for approximately three years. Plaintiff claims that he was released from administrative segregation on June 29, 2008, after four years, nine months and 22 days. However, as noted by the Magistrate Judge, Defendants submitted the affidavit of Defendant

Edlund, as well as a copy of the March 26, 2004, critical incident report and misconduct summaries for December 27, 2003, through October 20, 2006 (*See* Defendants' Exhibit 4) showing that Plaintiff was reclassified to administrative segregation on November 14, 2003, at which time he had 165 major misconduct convictions.  Since November 14, 2003, Plaintiff has been convicted of 22 additional misconducts, 14 of which were non-bondable.  After the serious assaults on staff on March 26, 2004, Plaintiff avoided getting misconducts for approximately 18 months, after which he began getting misconduct tickets again.  The court concludes that Defendants have adequately shown that Plaintiff's continued incarceration in administrative segregation is not the resulted of retaliatory animus, and is motivated by a legitimate desire to maintain order and protect staff and other inmates from Plaintiff.  Moreover, the Magistrate Judge properly found that no liberty interest was implicated by Plaintiff's confinement in administrative segregation because the instant case is like the situation in *Jones v. Baker*, 155 F.3d 810 (6th Cir. 1998), where prison officials demonstrated extraordinarily good reasons for holding the plaintiff in segregation.  *Jones*, 155 F.3d at 813.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and Defendants' motions for summary judgment (docket #45 and #49) will be granted.  Plaintiff's claims against Defendants Jondreau, Luoma, Edlund and Luetzow for threatening future retaliation and instituting retaliatory administrative segregation policy claims will be dismissed without prejudice for failure to exhaust administrative remedies.  Plaintiff's remaining claims will be dismissed with prejudice for lack of merit.

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.

Dated: <u>September 30, 2008</u>                    <u>/s/ Robert Holmes Bell</u>
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE